IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phebe Shawver, et al.,            Case No. 3:24-cv-00454-JGC

    Plaintiffs,

    v.                                            **ORDER**

Zimmer Biomet Spine, Inc.,

    Defendant.

This is a claim for damages resulting from an allegedly defective and unreasonably dangerous medical device.

Defendant is Zimmer Biomet Spine, Inc. ("ZB Spine"). ZB Spine produces a cervical disk replacement implant called the Mobi-C. (Doc. 15, PgID. 225).

Plaintiffs are Phebe and Allison Shawver. In June 2021, Phebe Shawver underwent cervical disk replacement surgery using ZB Spine's Mobi-C implant. (*Id.* at PgID. 226). She alleges that the subsequent failure of the implant caused her serious and persistent bodily harm. (*Id.* at PgID. 227). This included the need for further surgery. (*Id.*).

On October 10, 2024, I dismissed Plaintiffs' first amended complaint without prejudice to the filing of a further amended complaint within three weeks of the issuance of that order. *Shawver v. Zimmer Biomet Spine, Inc.*, No. 24-cv-00454, 2024 WL 4458261, at *11 (N.D. Ohio Oct. 10, 2024) (Doc. 14). Plaintiffs timely filed a second amended complaint, (Doc. 15), which Defendant again moved to dismiss, (Doc. 16). Plaintiffs filed their opposition, (Doc. 17), and Defendant filed its reply, (Doc. 19).

1

Having reviewed this new material, I see no need to revisit or revise my analysis and conclusions in my prior order.

The differences between Plaintiffs' first and second amended complaints are insubstantial. In their second amended complaint, Plaintiffs retained six of the nine claims they brought in their first amended complaint. (*Compare* Doc. 7-1, PgID. 68–81, *with* Doc. 15, PgID. 228–37). I thoroughly considered each of those six claims in my prior order. More importantly, and as Defendant points out, Plaintiffs made no substantive changes to the factual allegations supporting those six claims. Instead, Plaintiffs merely (1) relabeled their failure-to-warn claim under Ohio Rev. Code § 2307.76 as a claim regarding Defendant's duty not to deceive, (Doc. 15, PgID. 231); (2) replaced the words "warn of" and "warning" with the words "disclose" and "notification," respectively, (*compare* Doc. 7-1, PgID. 70–72, *with* Doc. 15, PgID. 230, 232); and (3) added two conclusory statements of law regarding the extent to which the Ohio Products Liability Act preempts certain claims based on the general duty not to deceive, (Doc. 15, PgID. 232–33). These changes do not affect the factual substance of Plaintiffs' complaint. *See Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) ("[T]he Rules require that we not rely solely on labels in a complaint, but that we probe deeper and examine the substance of the complaint."). Furthermore, in their opposition to Defendant's renewed motion to dismiss, Plaintiffs raised no new issues or arguments that I did not consider in my prior order.

I will therefore grant Defendant's motion, (Doc. 16), for the reasons explained in my prior order and dismiss Plaintiffs' claims with prejudice. I adopt by reference, as if restated in full herein, my prior decision and its reasoning. *Shawver v. Zimmer Biomet Spine, Inc.*, No. 24-cv-00454, 2024 WL 4458261 (N.D. Ohio Oct. 10, 2024) (Doc. 14).

**Conclusion**

For the foregoing reasons, it is hereby ORDERED THAT:

1. Defendant's motion to dismiss, (Doc. 16), be, and the same hereby is, granted; and

2. Plaintiffs' claims are dismissed with prejudice.

SO ORDERED.

Date: April 21, 2025

*/s/ James G. Carr*
Sr. U.S. District Judge